HENRY B. O'REILLY, Appellant, *v.* THOMAS CLEARY ET AL., Respondents.

### December 30, 1879.

1. Where a convict pays money. to another to secure a pardon, he cannot, after the contract is executed, recover back the money paid. In such a case it is immaterial that the contract was made while the civil rights of the convict were suspended, or that the parties were not *in pari delicto*.

2. Where the bill of exceptions does not preserve the. testimony, the presumption is in favor of the action of the trial court in confirming the referee's report as to his findings of fact and rulings upon questions of evidence.

3. Where the court overrules exceptions to a referee's report, and confirms the report, it then properly enters judgment on the report itself.

4. Attorneys' fees may be allowed in favor of the garnishee, in garnishment on execution, and taxed as costs in the case; and a bond for costs necessarily includes such fees.

5. Unless the allowance to a referee is clearly excessive, an appellate court will not interefere to reduce it.

6. Where one of the issues is as to a note, which is surrendered during the trial, the effect of this is simply to withdraw that issue, and does not affect the question of costs.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

HENRY B. O'REILLY, *pro se:* There was neither trial nor judgment as required by law. — *Pomeroy* v. *Benton*, 6 Mo. App. 596; *Ely* v. *Ownsley*, 59 Mo. 437; *O'Neil* v. *Capelle*, 62 Mo. 202. Attorneys' fees cannot be taxed as costs in garnishment. — *Tallahassee County* v. *Glenn*, 50 Ala. 489; *Apperson* v. *Insurance Co.*, 38 N. J. L. 388; *McDonald* v. *Page*, Wright, 121. The civil rights of Maguire being suspended by his sentence, he could not contract. — *Presbury* v. *Hull*, 34 Mo. 29; *Beck* v. *Beck*, 36 Miss. 72; *Miller* v. *Finke*, 1 Park. Cr. 374; *Stephens* v. *Elwell*, 4 Mau. & Sel. 259; *Williams* v. *Wall*, 60 Mo. 318. The contract with Cleary is void as against public policy. — *Hatzfield* v. *Gulden*, 7 Watts, 152; *Kribben* v. *Haycraft*, 26 Mo. 396; *Pearsall* v. *Chapin*, 44 Pa. St. 9. The parties were not *in pari delicto.* — *Williams* v. *Headley*, 8 East, 378; *Tracy* v. *Talmage*, 14 N. Y. 182; *Davis* v. *Luster*, 64 Mo. 43.

ROBERT M. FOSTER, for the respondents.

BAKEWELL, J., delivered the opinion of the court.

The plaintiff, having obtained judgment by confession against Maguire for $2,904.83, summoned the defendant Cleary as garnishee on execution. Issue being made upon the denial and reply, the cause was referred to a referee. The plaintiff filed exceptions to the report of the referee, which were sustained. The plaintiff then moved for judgment against the garnishee. This motion was overruled. The garnishee then filed an amended reply, and the cause was referred by the court to another referee, who made a report accompanied by all the evidence and proceedings had before him. None of the evidence or proceedings before the referee are preserved in this record. The referee states in his report that the plaintiff, at the opening of his case, waived any claim against Cleary except for the following

specific sums, which he says Cleary owed Maguire at the date of the garnishment: $2,500 retained by Cleary for his services in securing the pardon of Maguire and wife out of the Missouri penitentiary; $300 paid by Cleary to one Jackson, and $500 paid by Cleary to one Stancil, both sums to secure influence for the pardon; and $1,000 retained by Cleary for board, clothes, and washing for Maguire and wife. There was also a claim for a note made by one Pohlman, noticed in the course of this opinion.

The referee finds that Maguire and wife were convicted of murder, and sentenced and transferred to the penitentiary in August, 1873, and discharged by pardon in March, 1874; that the $2,500 was given by Maguire to Cleary to secure his services to obtain the pardon, which was subsequently obtained by Cleary's efforts; that Maguire authorized Cleary to expend the $800 paid to Jackson and Stancil; that he paid them the money according to Maguire's desire, and that Maguire ratified the payment; that these moneys were paid for the illegal purpose of securing the pardon; that the transactions are complete, and the court will leave the parties as they are, and will neither enforce such a contract while executory, nor lend its aid to rescind it and recover back the consideration when paid; that these transactions took place while the civil rights of Maguire were suspended by his sentence, and that this fact gives, neither to Maguire nor to the plaintiff, any right to recover this money from Cleary. And the referee finds that the plaintiff is not entitled to recover. The plaintiff filed exceptions to this report, which were overruled. The court confirmed the report, and rendered judgment thereon against the plaintiff and his sureties on the bond, for costs.

The finding of a referee stands as the verdict of a jury. The appellant argues against this rule, but it is well established. In an equitable proceeding the finding of a referee as to facts is subject to review, both in the trial court and here; but in a proceeding at law, where the evidence is pre-

served in the record, we will look into it no further than is necessary to determine that there is substantial evidence to support the verdict of a jury or the finding of a referee. In the present case the testimony is not before us, and we are legally bound to presume that the trial court committed no error in confirming the findings of the referee as to facts, and his rulings as to the admission and exclusion of evidence.

The appellant objects that the record entry shows that the judgment was not " the conclusion of the law upon the facts as considered by the court." The judgment entry is as follows : " The plaintiff's exceptions to the referee's report herein being heard and fully considered by the court, are overruled ; thereupon it is ordered by the court, that the report of said referee be, and the same is in all things hereby confirmed ; and it appearing to the court from said report that the referee has found that the plaintiff is not entitled to recover in this proceeding against Thomas Cleary, garnishee, thereupon it is ordered and adjudged by the court that said plaintiff take nothing by his suit in this behalf, but that said garnishee go hence without day," etc. We see nothing objectionable in this form of judgment. The counsel for the appellant refers to what was said by this court in the case of *Pomeroy* v. *Benton.* In that case the entry did not show that the trial court had passed upon the report of the referee. Where exceptions are filed to the report, and are not allowed, the court confirms the report, and then properly renders judgment upon the report itself. *Reinecke* v. *Jod,* 56 Mo. 387. The case at bar was a case of that class in which the issues of fact were triable by a jury. When a case not of equitable jurisdiction is referred, the trial court may set aside the report (as it might have set aside a verdict) as against the weight of the evidence, though it is no error of law to refuse to do so ; and when that court has passed upon exceptions filed, and

has confirmed the report of the referee, and, as in this case, there is no pretence that there was not some evidence to support the findings of the referee, it is against all principle and precedent for us to interfere unless some error of law is shown in the proceedings. *Daly* v. *Timon*, 47 Mo. 516.

In the present case we see no error of law. The courts will not enforce an agreement to pay money to obtain a pardon. The pardon-broker could not have recovered from Maguire; but since Maguire has paid the pardon-broker, the courts will not permit themselves to be used by Maguire, or by the legal representatives of Maguire, to recover the money back. They will leave the parties to the immoral agreement as they are.

The law provides that a sentence of imprisonment in the penitentiary suspends all the civil rights of the convict during the term. It is contended that, under this provision, Maguire was incompetent to contract with Cleary, or to ratify any acts done by Cleary or his agent. If this construction be given to the statute, it by no means follows that it was intended as a shield for the convict, or that having, whilst a convict, paid money for immoral services actually rendered to him, he can recover the money from the person to whom he had paid it. Neither a convict nor any other person has a legal right to hire an assassin to commit a murder; but, if the nefarious bargain is made, the murder committed, and the price of blood paid, the courts cannot be used by the person paying the money to recover it back on the ground that the bargain was against public policy, and one which the hirer of the assassin had no right to make. Maguire had the physical power to pay this money to the pardon-broker for the purpose of obtaining a pardon, and, for the purposes of this case, it must be taken that he actually did pay the money for that purpose; the work bargained for was done, and the courts will leave the matter there, so far as the rights of property are concerned,

and will not say that Cleary owes this money to Maguire, or that he does not. The question of the civil rights of Maguire as a convict does not seem to be involved at all. It is contended by appellant that the parties to this transaction of obtaining, or attempting to obtain, a pardon by corruption are not *in pari delicto*. We do not think that the courts are bound to go into the details of an immoral bargain, and carefully adjust the proportion of iniquity between the imprisoned convict who pays money to a rascal to be used corruptly to " shove by justice," and the broker who receives the fund for the wicked purpose. It is seldom that both parties are equally to blame in a transaction tinctured with fraud in each, as is observed by Judge Napton in *Gowan* v. *Gowan*, 30 Mo. 472. But the rule that the courts will not relieve the parties to fraudulent conveyances is established as the general rule ; and to inquire now whether it is the wiser rule, whether it promotes the ends of justice in every case, and whether to permit the recovery of money by the corrupt payer from the corrupt receiver would not have a wholesome effect, and be founded on a sounder morality, is a mere waste of time. In view of the crowded condition of the dockets of the courts, the consequent delay of the business of the most honest suitors, and the costs of litigation, no general regret will be felt that the rule is established as it is.

Amongst the issues to which the referee was confined by stipulation between the parties, was one as to a note made by one Pohlman, for the sum of $300, which plaintiff, in his denial of the garnishee's answer, claims as belonging to the defendant in the execution. The referee reports that this note was, by consent, surrendered to plaintiff during the trial ; he therefore makes no finding as to that issue. No exception is taken to this portion of the report, nor is the fact of the delivery of the note disputed. The effect of this delivery was to remove the issue from the consideration of the referee. Appellant contends that the legal

effect of the surrender of this note during the trial, without a tender of all costs to that date, was to throw the entire costs of the proceeding upon the garnishee. In this we think he is wrong. Whether, had the plaintiff declined to receive the Pohlman note, the finding of the referee must have been for plaintiff for the amount of that note we cannot say. As it was, the action of the plaintiff and the defendant had the effect simply of withdrawing this issue from the consideration of the referee.

The court allowed fees to the attorney of the garnishee, and ordered that these fees be taxed as costs. The appellant contends that attorneys' fees can be allowed in favor of the garnishee against the plaintiff only in case of attachment, and not in case of garnishment on execution. The language of the section which provides for this allowance (Wag. Stats. 667, sect. 22) is, "If any plaintiff in attachment shall cause any person to be summoned as garnishee," etc. The intention of the Legislature by the use of this language was not to make a distinction between the case of garnishment on attachment and garnishment on execution, as to the allowance of attorneys' fees and other costs and expenses of the garnishee. No reason for such distinction can be conceived. The language is used because garnishment is a common remedy in attachment, and is less seldom resorted to in case of execution. But a second section of the same act (Wag. Stats. 664, sect. 2) provides that the proceedings against and in behalf of the garnishee, subsequent to service, shall be the same in case of execution and attachment. The allowance of attorneys' fees, and taxing them as costs, is a proceeding in behalf of the garnishee, within the meaning of the law and the manifest intention of the Legislature.

It is contended that the allowance to the referee in the first reference is excessive. We cannot determine what would be a reasonable fee for this reference, as the proceedings are not before us. They were before the Circuit Court

which made the allowance.   We will not interfere where the allowance is not clearly excessive, and we do not think that this can be said of the allowance in the present case. *St. Louis Democrat Co.* v. *Gray*, 2 Mo. App. 597.

The judgment was against the plaintiff and the sureties on his bond for costs.   The appellant contends that the allowance for attorneys' fees and expenses should not be taxed as costs, because the sureties on the bond for costs are not to be held responsible for anything more than the ordinary costs allowed by law.   In the case of garnishment on execution or attachment, these allowances are made part of the ordinary costs of such a proceeding by the statutory provisions in regard to it, and a bond for costs necessarily includes them.

We have carefully read and examined the record in this case, and the elaborate brief of the appellant filed in his own behalf.   If we have not expressly passed upon every one of the numerous points suggested in the argument, it is because we consider that they are all substantially covered by what has been said.

The judgment of the Circuit Court is affirmed.   Judge LEWIS did not sit; Judge HAYDEN concurs.