D. B. McCONNELL, Respondent, v. STORY & CLARK PIANO COMPANY, a corporation, GARNISHEE OF WILLIAM P. RAMSDELL, Defendant, F. A. KILBER, Interpleader, Appellant.

St. Louis Court of Appeals. Opinion Filed April 2, 1918.

1. **GARNISHMENTS: Costs: Attorney's Fees Allowed and Taxed as Costs.** Under section 2436, Revised Statutes 1909, attorney's fees may be allowed in favor of a garnishee in garnishment on execution as well as garnishments on attachment, which fees are to be taxed as costs.

2. ————: ————: **Interpleader: Not Entitled to Allowance of Attorney's Fees.** But such attorney's fees cannot be allowed to one becoming an interpleader in a case under section 2439, Revised Statutes 1909, in a garnishment case under execution.

Appeal from the Circuit Court of the City of St. Louis.—*Hon. Wilson A. Taylor*, Judge.

AFFIRMED.

*T. T. Hinde* and *Taylor R. Young* for appellant.

(1) Either under the Attachment or Garnishment Act a claimant may interplead. R. S. 1909, section 2345; R. S. section 2421. But since there seems to be some confusion as to whether or not a claimant may interplead under these sections in garnishment under execution, in the case at bar, upon motion of the plaintiff, the claimant was ordered by the court to interplead. As to a discussion of said confusion see the following decisions of this branch of our appellate court: Schawacker v. Dempsey, 83 Mo. App. 342, p. 352; Good ex rel. v. Sleeth, 176 Mo. App. 619, pp. 631-3. (2) Both under our Attachment and Garnishment Acts costs may be adjudged in favor of a successful interpleader. R. S. 1909, sections 2346, 2422. (3) As to the right to recover costs, the garnishee and interpleader in either attachment or garnishment are placed on the same footing. R. S. 1909, sections 2300, 2303; State ex rel. v. Lumber Co., 70 Mo. App. 663, p. 666; State ex rel. v. Pittman, 131 Mo. App. 299, p. 303. (4) Expressly by statute when judgment goes against the plaintiff, the garnishee may recover his expenses, including a reasonable attorney's fee. R. S. 1909, section 2436. And this section applies in garnishment under execution, although not expressly warranted by the statute. R. S. 1909, section 2414; O'Reiley v. Cleary, 8 Mo. App. 186, 192. (5) In the following cases the interpleader sued on the attachment bond and recovered his attorney's fees. State ex rel. v. Lumber Company, supra, p. 666; State ex rel. v. Silverstein & Co., 77 Mo. App. 304, 309. (6) In the O'Reiley case, supra, decided by this branch of our appellate court the garnishee recovered attorney's fees in garnishment on execution. This

case has neither been overruled nor criticised, but, on the contrary, has been cited with approval in Norman v. Eastburn, 230 Mo. 168, see p. 184.

*Frank J. Quinn* for respondent; *Durham & Durham* (Of Counsel).

The sole error complained of by appellant, following the rules of this court is definitely set forth on page 4 of his brief, and is as follows: The court erred in declaring the law to be that a successful interpleader is not entitled to recover expenses, including attorney's fees, and that the court can confiscate an interpleader's claim and make him pay for the privilege of confiscation. A complete answer to such an assignment of error is made when it is said that the bill of exceptions does not contain any declarations of law on the part of the court, and unless preserved by a proper bill of exceptions they are no part of the record on appeal. Wellman v. St. Ry. Co., 219 Mo. 126. Neither does the bill of exceptions contain a motion for a new trial, nor a request for the clerk to set out any such motion for a new trial. In such case there is nothing for the appellate court to review, save only the record proper, and all matters of exception are waived. Groves v. Terry, 219 Mo. 595; 3 Corpus Juris, 960-963, and Missouri cases cited in note 79. If the action is not an independent action then the whole thing should have been preserved in a proper bill of exceptions, showing the motion, the testimony, the ruling and judgment, and an exception to same, and finally, when a final judgment had been rendered in the original cause, the whole matter should have been called to the court's attention anew in a motion for a new trial and such motion for a new trial, the ruling thereon and exceptions to such ruling all preserved and made a part of the record by a proper bill of exceptions. Bosley v. Parle, 35 Mo. App. 236; Mann v. Warner, 22 Mo. App. 577. The court could not render a judgment for the interpleader for his

damages and attorney's 'fees (assuming that an interpleader might be entitled to such a judgment), after the term at which the judgment was rendered on the interplea and after an appeal had been granted to the other party. Ladd v. Couzins, 52 Mo. 454; Mann v. Warner, 22 Mo. App. 577. The record does not show a final judgment for the respondent or against the appellant on the motion for damages and attorney's fees. The so-called judgment as set out in the abstract (Abs., 23), is nothing more than a finding by the court, and if a judgment was entered on such finding the record does not disclose it. Such a mere finding will not support an appeal, unless followed by an actual entry of judgment. Rubey v. Shain, 51 Mo. 116; Sperling v. Stubblefield, 83 Mo. App. 266; 3 Corpus Juris, 612; Bick v. Umstattd, 137 Mo. App. 270. If the abstract is erroneous it is not the duty of the respondent to correct it, but the duty is on appellant to show to the court by a proper abstract of record facts necessary to overturn the judgment from which he appeals. Gooden v. Mod. Woodmen, 194 Mo. App. 666.

BECKER, J.—Appellant was interpleader below in a garnishment proceeding under execution, having been brought into the case on plaintiff's motion on the order of the trial court under authority of section 2439, Revised Statutes of Missouri, 1909.

At the close of the plaintiff's case on a hearing of the interplea before the court and a jury, plaintiff took an involuntary nonsuit with leave to set same aside, and judgment was accordingly rendered in favor of the interpleader and against the plaintiff. Thereafter plaintiff filed his motion to set aside the involuntary nonsuit and grant a new trial on the interplea. Said motion was overruled. In due course the interpleader and the garnishee filed a "motion for damages" in which they move the court to render judgment against the plaintiff in favor of said interpleader and said garnishee for a sum sufficient to indemnify them for

reasonable attorney's fees in attending and answering and defending their rights in the case and "pray judgment against the plaintiff in the sum of $250 as the damages suffered by them by reason of the aforesaid litigation."

The learned trial judge on a hearing of this motion allowed the garnishee $100 for expenses in answering in the proceeding, such allowance to be taxed as costs against the plaintiff and to be paid as part of the costs of the proceedings, and overruled the motion for damages and for an allowance of attorney's fees to the interpleader.

The interpleader thereupon filed his motion to set aside the order overruling his motion for an allowance for damages and award a new trial thereon; the same being overruled the interpleader brings this appeal.

The sole question before us is as to whether or not an interpleader brought into court under section 2439, Revised Statutes of Missouri, 1909, who upon a hearing of the interplea has judgment rendered in his favor, is entitled to an allowance to recover his expenses, including a reasonable attorney's fees, and to have the same taxed as costs in the case.

We have carefully read all the authorities cited by the learned counsel for the appellant but fail to find therein any authority for the proposition contended for. It is true, under section 2435, Revised Statutes of Missouri, 1909, that a garnishee is entitled to a reasonable allowance for his trouble and expenses in answering, to be paid out of the funds or proceeds of the property or effects in his hands, if it appears from the garnishee's answer that he is possessed of property belonging to or is indebted to the defendant, and such answer of the garnishee is not excepted to or denied. And there is authority holding that under section 2436, Revised Statutes of Missouri, 1909, attorney's fees may be allowed in favor of a garnishee in garnishment on execution as well as garnishment on attachment. which fees are to be taxed as costs in the

case. [See O'Reilly v. Cleary, 8 Mo. App. 186; Norman v. Eastburn, 230 Mo. 168, 1. c. 184, 195, 130 S. W. 276.] But nowhere do we find any statute authorizing an allowance of attorney's fees to one becoming an interpleader in a case under section 2439, Revised Statutes of Missouri, 1909, in a garnishment case under execution. The judgment is accordingly affirmed. *Reynolds, P. J.,* and *Allen, J.,* concur.